**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**James BASHAM, Defendant—
Appellant.**

No. 02–10635.

D.C. No. CR–01–00460–RLH/RJJ.

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 10, 2003.*

Decided Oct. 23, 2003.

Before HAWKINS, THOMAS, and CLIFTON, Circuit Judges.

MEMORANDUM**

James Basham entered a conditional plea of guilty to being a felon in possession

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

of a firearm in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2). As part of the plea, he reserved the right to challenge the district court's denial of his motion to suppress statements and evidence. Basham contends that his statements acknowledging possession of the handgun were obtained involuntarily and that he did not give consent to search his vehicle. We affirm.

■ Basham's statement to Detective Kelley acknowledging that he had taken the gun from his apartment and placed it in the vehicle was voluntarily made. We review the voluntariness of a confession de novo. *United States v. Gamez*, 301 F.3d 1138, 1144 (9th Cir.2002). Statements are involuntarily made where they are obtained by "physical or psychological coercion or by improper inducement so that the suspect's will was overborne." *Amaya–Ruiz v. Stewart*, 121 F.3d 486, 494 (9th Cir.1997). The totality of the circumstances is evaluated to assess the voluntariness of a confession. *Schneckloth v. Bustamonte*, 412 U.S. 218, 226, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973).

Basham does not allege that he was subjected to any direct coercion by the police. Rather, his contention that his inculpatory statements were involuntary rests on three facts: (1) that the investigation lasted for several hours before he confessed, (2) that he was involved in each stage of the investigation, and (3) that his girlfriend was present, both at the parking lot and at the apartment. Basham does not explain, and we fail to see, how these factors were sufficient to have overborne his will to remain silent. Instead, it appears that he made the inculpatory statements in the face of rapidly accumulating evidence and in hope of convincing Detective Kelley that his possession of the gun was innocuous.

■ The search of Basham's vehicle was justified because he voluntarily consented to the search. The voluntariness of a consent to search depends on the totality of the circumstances and we review the district court's determination for clear error. *United States v. Jones*, 286 F.3d 1146, 1150 (9th Cir.2002). In determining whether consent was given voluntarily, courts consider a non-exclusive list of factors, including: (1) whether defendant was in custody; (2) whether the arresting officers had their guns drawn; (3) whether *Miranda* warnings had been given; (4) whether the defendant was told he had a right not to consent; and (5) whether defendant was told a search warrant could be obtained. *United States v. Morning*, 64 F.3d 531, 533 (9th Cir.1995).

None of these factors strongly weighs in Basham's favor. First, although he was in police custody, that custody apparently did not render him powerless to refuse the search, as evidenced by his insistence that the officers halt the search when the gun was found. Second and third, none of the officers ever drew a gun, and Basham was given *Miranda* warnings, twice confirming that he understood his rights. Fourth, although it does not appear that Basham was told he could decline to consent, the fact that he subsequently halted the search strongly indicates that he knew he could decline. As for the fifth factor, Basham was not told that a warrant could be obtained, but because a warrant was not necessary in the first place (as the officers had probable cause to search the vehicle), there was no reason for the officers to have mentioned a warrant at all. In sum, we affirm the determination that his consent was voluntarily given.

AFFIRMED.